UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| WALLACE ASHBY, #286903, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 2:08-CV-134 |
| ) | |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Proceeding *pro se,* inmate Wallace Ashby brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1998 conviction for the sale of Schedule II controlled substance and a 1999 or 2000 conviction for forgery and theft—both entered by the Criminal Court of Washington County, Tennessee. [Doc. 1]. For these offenses, he received respective sentences of three years and ten years. There are several problems with this petition, which call for its dismissal without prejudice.

First of all, it must be clear on the face of a petition that a petitioner has exhausted his state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C.§ 2254(b)(1)(A) and (B); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts

before seeking federal habeas corpus relief). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

In this case, petitioner does not indicate that he has ever presented his claims to the state court. Nor has he alleged any unusual or exceptional circumstances warranting review of his habeas corpus petition. Nor are any such circumstances apparent from his pleading. Thus, the petition is subject to *sua sponte* dismissal without prejudice. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted).

Secondly, petitioner is challenging the legality of his 1998 judgment of conviction *and* his 1999 or 2000 judgment of convictions. However, a petition is limited to an attack on the judgment of a single state court. Rule 2(d) of the Rules Governing Section 2254. This means that petitioner may attack his 1998 drug-related conviction in this petition, but that he would be required to file a separate § 2254 petition, in order to challenge his later forgery and theft convictions.

Typically, the Court would enter an order, notifying petitioner of this error and allotting him a set time-frame to cure the deficiency, either by completing two separate petitions or by striking one conviction from the instant petition and filing a second petition challenging the stricken conviction. Here, however, notification is impossible because the last correspondence sent to petitioner at the address he provided to the Court was returned

by the United States Postal Service, with the face of the envelope marked, "Released, R[eturn] T[o] S[ender]." [Doc. 4]. It would appear that petitioner has changed addresses without advising the Court of his new address. Absent an updated and correct address for petitioner, the Court cannot communicate with him regarding his case. His failure in this regard may also indicate that he no longer wishes to pursue federal redress of his claimed wrongful state convictions.

Accordingly, for all these reasons, this petition will be **DISMISSED** without prejudice.

**ENTER**:

           */s/Harry S. Mattice, Jr.*
           HARRY S. MATTICE, JR.
           UNITED STATES DISTRICT JUDGE